Glen F. Olives (SBN 196854)
golives@tedgreenelaw.com
Matthew C. Briggs (SBN 310449)
mbriggs@tedgreenelaw.com
LAW OFFICES OF TED A. GREENE, INC.
1912 F Street, Suite 110
Sacramento, CA 95811
Tel.: (916) 442-6400
Fax: (916) 266-9285

Attorneys for Plaintiff,
KIMBERLY PEREZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY PEREZ, individually and as successor-in-interest to Maurice Holly, Sr., deceased,<br><br>          Plaintiff,<br><br>vs.<br><br>COUNTY OF SACRAMENTO, a public entity; MAURICE HOLLEY, JR., a nominal defendant; ANGEL HOLLEY, a nominal defendant; MITRA HOLLEY, a nominal defendant; and DOES 1-10, inclusive,<br><br>          Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Fourth Amendment-Detention and Arrest (42 U.S.C. § 1983)<br>2. Fourth Amendment-Excessive Force (42 U.S.C. § 1983)<br>3. Fourth Amendment -Denial of Medical Care (42 U.S.C. § 1983)<br>4. Substantive Due Process (42 U.S.C. § 1983)<br>5. Municipal Liability-Ratification (42 U.S.C. § 1983)<br>6. Municipal Liability-Inadequate Training (42 U.S.C. § 1983)<br>7. Municipal Liability-Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>8. False Arrest/False Imprisonment<br>9. Battery (Wrongful Death)<br>10. Negligence (Wrongful Death)<br>11. Violation of Cal. Civil Code § 52.1<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff KIMBERLY PEREZ, individually and as a successor-in-interest to MAURICE HOLLEY, SR., deceased, for her Complaint against Defendants COUNTY OF SACRAMENTO, MAURICE HOLLEY, JR., ANGEL HOLLEY, MITRA HOLLEY and DOES 1-10, inclusive, and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

### INTRODUCTION

3. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved shooting of Plaintiff's husband, Maurice Holley, Sr. ("Decedent"), on October 6, 2019.

### PARTIES

4. At all relevant times, Decedent Maurice Holley, Sr. was an individual residing in the County of Sacramento, California.

5. Plaintiff KIMBERLY PEREZ ("PEREZ") is an individual residing in the County of Sacramento, California and is the surviving common law spouse of Decedent. PEREZ sues both in her individual capacity as the surviving spouse of Decedent and in a representative capacity as a successor-in-interest to Decedent pursuant to California Code of Civil Procedure § 377.60. PEREZ seeks both survival and wrongful death damages under federal and state law.

6. Defendant MAURICE HOLLEY, JR. is the biological son of decedent Maurice Holley,

Sr., and is joined in this lawsuit as a nominal defendant pursuant to Code of Civil Procedure section 382.

7. Defendant ANGEL HOLLEY is the biological son of decedent Maurice Holley, and is joined in this lawsuit as a nominal defendant pursuant to Code of Civil Procedure section 382.

8. Defendant MITRA HOLLEY, is the biological daughter of decedent Maurice Holley, and is joined in this lawsuit as a nominal defendant pursuant to Code of Civil Procedure section 382.

9. At all relevant times, Defendant COUNTY OF SACRAMENTO ("COUNTY") is and was a municipal corporation existing under the laws of the State of California. COUNTY is a chartered subdivision of the State of California with the capacity to be sued. COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Sacramento Sheriff Department ("SSD") and its agents and employees. At all relevant times, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the SSD and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, COUNTY was the employer of Defendants DOES 1-10.

10. Defendant DOE 1 ("DOE DEPUTY") is a police officer for the SSD. DOE DEPUTY was acting under color of law within the course and scope of his duties as an officer for the SSD at all relevant times. Also at all relevant times, DOE DEPUTY was acting with the complete authority and ratification of their principal, Defendant COUNTY.

11. Defendants DOES 2-6 are supervisory officers for the SSD who were acting under color of law within the course and scope of their duties as officers for the SSD. DOES 2-6 were acting with the complete authority and ratification their principal, Defendant COUNTY.

12. Defendants DOES 7-10 are managerial, supervisorial, and policymaking employees of the SSD, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the SSD. DOES 7-10 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

13. On information and belief, DOES 1-10 were residents of or employed by the County of Sacramento.

14. In doing the acts and failing and omitting to act as hereinafter described, Defendant DOE DEPUTY was acting on the implied and actual permission and consent of Defendants SSD and DOES 2-10.

15. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of the COUNTY.

16. The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names. Plaintiff may seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained and new information comes to light. Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

17. At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

18. All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

19. DOES 1-10 are sued in their individual capacity.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

20. Plaintiff PEREZ repeats and re-alleges each and every allegation in paragraphs 1 through 19 of this Complaint with the same force and effect as if fully set forth herein.

21. On October 6, 2019 at approximately 2:36 p.m., on or near 13626 Bennett Road in the City of Herald, County of Sacramento, DOE DEPUTY initiated a wellness stop on DECEDENT, MAURICE HOLLEY, SR. DECEDENT was asleep on the side of the road and presented no apparent threat or harm to DOE DEPUTY. DOE DEPUTY woke DECEDENT from his sleep and proceeded to approach DECEDENT. DOE DEPUTY was a safe speaking distance away from DECEDENT and

began asking DECEDENT questions. DECEDENT was cooperating with DOE DEPUTY'S commands and answering DOE DEPUTY'S questions. DECEDENT attempted to rise to his feet. DECEDENT was instructed by DOE DEPUTY to stay on his butt and DECEDENT complied. In an attempt to make himself comfortable DECEDENT sat on his butt and placed his hands near his hips. DOE DEPUTY saw a weapon and shouted "Gun!" Rather than instruct DECEDENT with other commands DOE DEPUTY under color of law and in the course and scope of their duties, shot DECEDENT multiple times, thereby using excessive force against him and killing him. The officer-involved shooting occurred on or near 13626 Bennet Road.

22. At all relevant times, DECEDENT did not pose an immediate threat of death or serious bodily injury to himself or to anyone else, including DOE DEPUTY.

23. Upon information and belief, after being shot, DECEDENT was immobile and in obvious and critical need of emergency medical care and treatment. Defendants did not timely summon medical care or permit medical personnel to treat DECEDENT. The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering, and was a contributing cause of DECEDENT's serious injuries.

24. Plaintiff PEREZ was dependent on DECEDENT, to some extent, for the necessities of life.

25. Plaintiff PEREZ is DECEDENT'S successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the surviving spouse of DECEDENT.

26. Plaintiff incurred funeral and burial expenses as a result of Defendants' misconduct.

27. On March 25, 2020, Plaintiff filed a claim for damages with the County of Sacramento.

28. The claim was rejected by operation of law on February 16, 2021.

### FIRST CLAIM FOR RELIEF

### Fourth Amendment-Detention and Arrest (42 U.S.C. § 1983)

### (Against DOE DEPUTY)

29. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 28 of this Complaint with the same force and effect as if fully set forth herein.

30. DOE DEPUTY detained DECEDENT without reasonable suspicion or probable cause.

31. DOE DEPUTY shot DECEDENT and placed him in handcuffs, he violating DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

32. The conduct of DOE DEPUTY was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to DOE DEPUTY.

33. As a result of his misconduct, Defendant DOE DEPUTY is liable for DECEDENT'S injuries, either because he was an integral participant in the wrongful detention and arrest, or because he failed to intervene to prevent these violations.

34. Plaintiff PEREZ brings this claim as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT'S rights. Plaintiff also seeks attorney's fees and funeral and burial expenses.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment-Excessive Force (42 U.S.C. § 1983)

### (Against DOE DEPUTY)

35. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 34 of this Complaint with the same force and effect as if fully set forth herein.

36. Defendant DOE DEPUTY used excessive force against DECEDENT when he shot him. Defendant DOE DEPUTY'S unjustified shooting deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

37. As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

38. The conduct of DOE DEPUTY was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to Defendant DOE DEPUTY.

39. The shooting was excessive and unreasonable, especially because DECEDENT posed no immediate threat of death or serious bodily injury at the time of the incident. Further, Defendant DOE DEPUTY'S use of deadly force violated his training and standard police officer training.

40. Plaintiff brings this claim as a successor-in-interest to the DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT'S rights. Plaintiff also seeks attorney's fees.

## THIRD CLAIM FOR RELIEF

### Fourth Amendment-Denial of Medical Care (42 U.S.C. § 1983)

### (Against Defendant DOE DEPUTY)

41. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 40 of this Complaint with the same force and effect as if fully set forth herein.

42. The denial of medical care by Defendant DOE DEPUTY deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

43. As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

44. Defendant DOE DEPUTY knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

45. The conduct of DOE DEPUTY was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendant DOE DEPUTY.

46. As a result of his misconduct, Defendant DOE DEPUTY is liable for DECEDENT'S injuries, either because he was an integral participant in the wrongful detention and arrest, or because he failed to intervene to prevent these violations.

47. Plaintiff brings this claim as a successor-in-interest to the DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT'S rights. Plaintiff also seeks

attorney's fees.

## FOURTH CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. § 1983)

### (Against Defendant DOE DEPUTY)

48. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 47 of this Complaint with the same force and effect as if fully set forth herein.

49. Plaintiff PEREZ had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's marital relationship with her spouse, DECEDENT.

50. DECEDENT had had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

51. The aforementioned actions of DOE DEPUTY, along with other undiscovered conduct, shock the conscience, in that he acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiff, and with purpose to harm unrelated to any legitimate law enforcement objective.

52. As a direct and proximate result of these actions, DECEDENT experienced pain and suffering and eventually died. DOE DEPUTY thus violated the substantive due process rights of Plaintiff to be free from unwarranted interference with her marital relationship with DECEDENT.

53. As a direct and proximate cause of the acts of DOE DEPUTY, Plaintiff suffered emotional distress, mental anguish, and pain. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

54. The conduct of DOE DEPUTY was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendant DOE DEPUTY.

55. Plaintiff brings this claim individually and as a successor-in-interest to DECEDENT

and seeks both survival and wrongful death damages. Plaintiff also seeks attorney's fees.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability - Ratification (42 U.S.C. § 1983)

### (Against Defendants COUNTY and DOES 2-10)

56. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 55 of this Complaint with the same force and effect as if fully set forth herein.

57. Defendant DOE DEPUTY acted under color of law.

58. The acts of Defendant DOE DEPUTY deprived DECEDENT and Plaintiff of their particular rights under the United States Constitution.

59. Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendant DOE DEPUTY, ratified Defendant DOE DEPUTY'S acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of Defendant DOE DEPUTY'S acts.

60. Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendant DOE DEPUTY were "within policy."

61. By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT'S pain and suffering, loss of enjoyment of life, and death.

62. Accordingly, Defendants COUNTY and DOES 2-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

63. Plaintiff brings this claim as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under this claim. Plaintiff also seeks attorney's fees under this claim.

## SIXTH CLAIM FOR RELIEF

### Municipal Liability - Failure to Train (42 U.S.C. § 1983)

### (Against Defendants COUNTY and DOES 2-10)

64. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 63 of

this Complaint with the same force and effect as if fully set forth herein.

65. Defendant DOE DEPUTY acted under color of law.

66. The acts of Defendant DOE DEPUTY deprived DECEDENT and Plaintiff of their particular rights under the United States Constitution.

67. The training policies of Defendant COUNTY were not adequate to train its officers to handle the usual and recurring situations with which they must deal.

68. Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

69. The failure of Defendant COUNTY to provide adequate training caused the deprivation of Plaintiff's rights by Defendant DOE DEPUTY; that is, Defendant's failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

70. On information and belief, COUNTY failed to train DOE DEPUTY properly and adequately.

71. By reason of the aforementioned acts and omissions, Plaintiff PEREZ has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT'S pain and suffering, loss of enjoyment of life, and death.

72. Accordingly, Defendants COUNTY and DOES 2-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

73. Plaintiff brings this claim as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under this claim. Plaintiff also seeks attorney's fees under this claim.

### SEVENTH CLAIM FOR RELIEF

### Municipal Liability- Unconstitutional Custom or Policy (42 U.S.C. § 1983)

### (Against Defendants COUNTY and DOES 2-10)

74. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 73 of this Complaint with the same force and effect as if fully set forth herein.

75. Defendant DOE DEPUTY acted under color of law.

76. Defendant DOE DEPUTY acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant COUNTY.

77. On information and belief, Defendant DOE DEPUTY was not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT'S death.

78. Defendants COUNTY and DOES 2-10, together with other COUNTY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a) Using excessive force, including excessive deadly force;

(b) Providing inadequate training regarding the use of deadly force; Employing and retaining as Sherriff Deputies such as Defendant DOE DEPUTY, whom Defendant COUNTY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d) Inadequately supervising, training, controlling, assigning, and disciplining COUNTY law enforcement and other personnel, including Defendant DOE DEPUTY, whom Defendant COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by COUNTY law enforcement officers, including Defendant DOE DEPUTY;

(f) Failing to adequately discipline COUNTY police officers, including Defendant DOE DEPUTY, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g) Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which law enforcement officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing.

(h)     Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings and beatings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings and beatings of unarmed people.

79.     By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT'S pain and suffering, loss of enjoyment of life, and death.

80.     Defendants COUNTY and DOES 2-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiff, and other individuals similarly situated.

81.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DOES 2-10 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT'S and Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants COUNTY and DOES 2-10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiff.

82.     Accordingly, Defendants COUNTY and DOES 2-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

83.     Plaintiff brings this claim individually and as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under this claim. Plaintiff also seeks attorneys' fees under this claim.

///

## EIGHTH CLAIM FOR RELIEF

## False Arrest/False Imprisonment

### (Against Defendants COUNTY and DOE DEPUTY)

84. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 83 of this Complaint with the same force and effect as if fully set forth herein.

85. Defendant DOE DEPUTY, while working as an officer for the SSD and acting within the course and scope of his duties, intentionally deprived DECEDENT of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress. DOE DEPUTY detained DECEDENT without reasonable suspicion and arrested him without probable cause.

86. DECEDENT did not knowingly or voluntarily consent.

87. Defendant DOE DEPUTY detained DECEDENT for an appreciable amount of time.

88. The conduct of DOE DEPUTY was a substantial factor in causing the harm to DECEDENT.

89. Defendant COUNTY is vicariously liable for the wrongful acts of Defendant DOE DEPUTY pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

90. The conduct of DOE DEPUTY was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiff to an award of exemplary and punitive damages.

91. As a result of his misconduct, Defendant DOE DEPUTY is liable for DECEDENT'S injuries, either because he was an integral participant in the wrongful detention and arrest, or because he failed to intervene to prevent these violations.

## NINTH CLAIM FOR RELIEF

### Battery

### (Wrongful Death)

### (Against Defendants COUNTY and DOE DEPUTYS)

92. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 91 of

this Complaint with the same force and effect as if fully set forth herein.

93. DOE DEPUTY, while working as an officer for the SSD, and acting within the course and scope of his duties, intentionally shot DECEDENT multiple times, and used unreasonable and excessive force against him. As a result of the actions of DOE DEPUTY, DECEDENT suffered severe pain and suffering and ultimately died from his injuries. DOE DEPUTY had no legal justification for using force against DECEDENT, and his use of force while carrying out his duties as a police officer was an unreasonable and unprivileged use of force.

94. As a direct and proximate result of the conduct of DOE DEPUTY as alleged above, DECEDENT sustained injuries and died from his injuries and also lost his earning capacity. As a direct and proximate result of the conduct of DOE DEPUTY as alleged above, DECEDENT suffered survival damages pursuant to Code of Civil Procedure Section 377.34.

95. COUNTY is vicariously liable for the wrongful acts of Defendant DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

96. The conduct of DOE DEPUTY is malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff and DECEDENT, entitling Plaintiff, individually and as successor-in-interest to DECEDENT, to an award of exemplary and punitive damages as to Defendant DOE DEPUTY.

97. Plaintiff brings this claim as a successor-in-interest to DECEDENT and seeks both survival and wrongful death damages under this claim.

## TENTH CLAIM FOR RELIEF

### Negligence

### (Wrongful Death)

### (Against all Defendants)

98. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 97 of this Complaint with the same force and effect as if fully set forth herein.

99. Police officers, including Defendants, have a duty to use reasonable care to prevent

14
COMPLAINT FOR DAMAGES

harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

100. Defendants DOES 1-10 breached this duty of care. Upon information and belief, the actions and inactions of Defendants DOES 1-10 were negligent and reckless, including but not limited to:

 (a) the failure to properly and adequately assess the need to detain, arrest, and use of force or deadly force against DECEDENT;

 (b) the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

 (c) the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

 (d) the failure to provide prompt medical care to DECEDENT;

 (e) the failure to properly train and supervise employees, both professional and non-professional, including DOE DEPUTY;

 (f) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

 (g) the negligent handling of evidence and witnesses; and

 (h) the negligent communication of information during the incident.

101. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiff suffered emotional distress and mental anguish. Plaintiff also has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

102. COUNTY is vicariously liable for the wrongful acts of Defendants DOES 2-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the

employee's act would subject him or her to liability.

103. Plaintiff brings this claim as a successor-in-interest to DECEDENT and seeks wrongful death damages under this claim.

## ELEVENTH CLAIM FOR RELIEF

## (Violation of Cal. Civil Code § 52.1)

## (Against all Defendants)

104. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 103 of this Complaint with the same force and effect as if fully set forth herein.

105. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

106. On information and belief, Defendant DOE DEPUTY, while working for the COUNTY and acting within the course and scope of his duties, intentionally committed and attempted to commit acts of violence against DECEDENT, including shooting him without justification or excuse, by integrally participating and failing to intervene in the above violence, and by denying him necessary medical care.

107. When Defendant DOE DEPUTY shot DECEDENT, he interfered with DECEDENT'S civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

108. On information and belief, Defendants intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

109. On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by Defendant DOE DEPUTY were intended to discourage him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

110. As such, Defendants successfully interfered with the above civil rights of DECEDENT and Plaintiff.

111. The conduct of Defendants was a substantial factor in causing Plaintiff's harms, losses, injuries, and damages.

112. COUNTY is vicariously liable for the wrongful acts of Defendant DOE DEPUTY, inclusive pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

113. Defendants DOES 2-10 are vicariously liable under California law and the doctrine of respondeat superior.

114. The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT'S and Plaintiff's rights, justifying an award of exemplary and punitive damages as to Defendant DOE DEPUTY.

115. Plaintiff seeks attorney's fees under this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff KIMBERLY PEREZ, individually and as a successor-in-interest to MAURICE HOLLEY, SR., deceased, requests entry of judgment in her favor and against Defendants County of Sacramento, and Does 1-10, inclusive, as follows:

A. For compensatory damages in whatever amount may be proven at trial, including both survival damages and wrongful death damages under federal and state law;

B. For funeral and burial expenses, and loss of financial support;

C. For punitive damages against the individual defendants in an amount to be proven at trial;

D. For statutory damages;

E. For interest;

F. For reasonable attorneys' fees, including litigation expenses;

G. For costs of suit; and

H. For such further other relief as the Court may deem just, proper, and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Date: February 23, 2021

THE LAW OFFICES OF TED A. GREENE, INC.

By: _____
Glen F. Olives, Esq.
Attorneys for Plaintiff,
KIMBERLY PEREZ